[No. 5756.]

## MENTZEL v. WALL.

**Injunction—Grounds—Irreparable Damage.**

The evidence, in an action to restrain defendant from discharging firearms over plaintiff's premises, reviewed, and held not to establish a case of irreparable damage or such threatened misconduct of defendant as to warrant injunctive relief.

*Appeal from the District Court of La Plata County.
Hon. James L. Russell, Judge.*

Action by Frederick Mentzel against Sam G. Wall. From a judgment for defendant, plaintiff appeals.                                          *Affirmed.*

Mr. CHARLES A. JOHNSON, for appellant.

Messrs. RITTER & BUCHANAN, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The real object of this action is injunctive relief, though nominal damages for the injuries complained of are demanded. Plaintiff admits that the charges which he makes against the defendant are trivial, but gives as an excuse for burdening the court with their hearing, the annoyance to which his family have already been subjected by defendant's past conduct and the possibility of more serious consequences if its threatened continuance is not prohibited.

The parties are near neighbors in the city of Durango, each owning his own home. The specific charge in the complaint is that, while plaintiff and his family were living in their home, defendant willfully and intentionally discharged firearms over, across and into plaintiff's premises in close proximity to his house, to the great danger of the lives of plaintiff and his family, thereby rendering his family insecure in their home and exposed to the danger of losing their lives by means of such shots, and that defendant threatens and declares he will continue to discharge such firearms and other dangerous and deadly weapons across plaintiff's premises whenever he shall elect to do so, even though he should thereby shoot into and through the body of plaintiff; and that by such conduct of defendant, if continued, plaintiff's

life and that of his family will be endangered and his home become insecure, and he will be forced to abandon the same, to his great and irreparable damage.

There is not much conflict in the evidence. It tends to show that about ten years before the action was brought, as defendant says—two or three years before, as plaintiff claims—defendant and other persons on his own premises were shooting at a target, not in the direction of plaintiff's house, but one of the shots glanced and passed over plaintiff's lots near where his wife was, and frightened her. She at once made complaint to defendant, and the latter told her he would quit shooting, and did so immediately. As defendant heard nothing further about this occurrence, he supposed it was forgotten. As far as the record discloses, no more shooting took place and nothing further occurred to mar the neighborly relations between these families until about eight years later. Defendant was then engaged in raising on his premises fine Plymouth Rock, Wyandotte and Leghorn chickens, and also had some pigeons and rabbits in the same enclosure. The plaintiff owned several cats, and one of these felines would frequently leave its own home and go upon the premises of defendant and there catch and eat defendant's fowls and pigeons, and worry the rabbits. The plaintiff had knowledge of this propensity and unneighborly conduct of his cat. On one of its visits to defendant's premises, defendant killed this chicken-eating cat. It seems that the shot passed over some part of plaintiff's lot and frightened his wife and family. Thereafter plaintiff interviewed defendant and remonstrated with him for shooting across his lot, as it alarmed, and might have endangered, the members of his family. With such a fruitful topic for discussion the parties became excited, and defendant

admits that he lost his temper and said more than he would under different circumstances.

As it would not elucidate any legal principle involved in this controversy, we shall not reproduce the exact and vigorous language of the animated conversation on this occasion. For our present purpose it is enough to say that in answer to the remonstrances of plaintiff against shooting across his premises, defendant somewhat heatedly said that he would shoot plaintiff's cats if they killed his chickens, no matter where they were. As is usual when people try to reproduce a spirited conversation, plaintiff's version is somewhat different. According to plaintiff's version, defendant answered that so long as plaintiff kept cats he would continue to shoot into or across his property, even if he had to go right through plaintiff. On cross-examination, plaintiff somewhat qualified his testimony by saying that this threat of defendant was conditioned upon plaintiff's keeping cats which caught defendant's chickens. Defendant testifies that he did not threaten to continue shooting across plaintiff's premises, and says that he had no intention of annoying plaintiff and his family, but that his only object was and is to protect his fowls and rabbits from the depredations of plaintiff's cats, since plaintiff would not, or could not, restrain the cats upon his own premises.

If it be assumed that plaintiff's complaint states a case for equitable relief, under the findings of the trial court on the evidence, such relief was properly denied. The threats as alleged were not proven, nor was any such injury threatened as would justify the court in granting the relief prayed. The threats were conditional. If plaintiff persisted in harboring cats that killed defendant's chickens, defendant did say he would kill them. Plaintiff is not obliged to keep that kind of cats, but if he does, he ought to take

the necessary precautions to keep them out of defendant's enclosure. If he properly restrains his cats, which have these objectionable proclivities, there will be no likelihood that defendant will fire any shots across his premises. It may be that defendant ought not to shoot his neighbor's cats, particularly when they are on the premises of their owner. But since the object of this action is to restrain defendant from shooting across plaintiff's premises, we decline to enter upon that fertile field of inquiry as to all the relative rights and duties of city neighbors, one of whom harbors carnivorous cats and the other raises savory chickens. We therefore restrict our decision to the case in hand, and say that the evidence does not make such a case of irreparable damage, or establish such threatened misconduct of defendant, as to entitle plaintiff to invoke the strong arm of equity to protect him from acts for which his own conduct is partly responsible.

*Judgment affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.